People v Jenkins (2019 NY Slip Op 06690)





People v Jenkins


2019 NY Slip Op 06690


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Acosta, P.J., Manzanet-Daniels, Mazzarelli, Webber, Moulton, JJ.


9894 6606/03

[*1]The People of the State of New York, Respondent,
v
Kyle Jenkins, Defendant-Appellant.


Law Office of Richard M. Weinstein, New York (Richard M. Weinstein of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (R. Jeannie Campbell-Urban of counsel), for respondent.



Order, Supreme Court, New York County (Daniel McCullough, J.), entered on or about July 30, 2012, which denied defendant's CPL 440.10 motion to vacate a judgment of the same court (William A. Wetzel, J.), rendered August 18, 2005, unanimously affirmed.
The motion court providently exercised its discretion in denying defendant's motion to vacate his conviction on the basis of newly discovered evidence. "[W]hether a defendant is entitled to a hearing on a CPL 440.10 motion is a discretionary determination" (People v Jones, 24 NY3d 623, 635 [2014]). The motion was not made with due diligence, because it was filed years after the discovery of the alleged new evidence without any valid excuse for the delay (see CPL 440.10[1][g]; People v Mallet, 168 AD3d 542, 543 [1st Dept 2019], lv denied 33 NY3d 978 [2019]). Furthermore, the new evidence was not "of such character as to create a probability that had [it] been received at the trial the verdict would have been more favorable to the defendant" (CPL 440.10[1][g]). The affidavit of the proposed witness did nothing to undermine the extensive proof of defendant's guilt presented at trial, including defendant's incriminating statements. On the contrary, even assuming that the proposed witness was describing an incident that occurred around the time and place of the murder, his affidavit, when viewed in conjunction with the trial evidence, appears to describe an unrelated incident.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK